# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CONNIE L. RICHARDS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-06-369-SPS |

## OPINION AND ORDER AWARDING ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying her benefits under the Social Security Act. In Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 20], the Plaintiff sought an award of costs in the amount of $350.00 and attorneys' fees in the amount of $3,596.40 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, and requested that the EAJA fees be paid directly to her attorney. The Commissioner indicated he had no objection to an award of costs in the amount of $350.00 and attorneys' fees in the amount of $3,596.40 to the Plaintiff as the prevailing party under the EAJA, but he did object to the costs and attorneys' fees being paid directly to the Plaintiff's attorney. *See* Docket No. 22. The Court now finds that the application should be granted insofar as it seeks an award of costs and attorneys' fees to the Plaintiff as the prevailing party under the EAJA, but denied insofar as its seeks a court order requiring payment directly to the Plaintiff's attorney.

The Court recently addressed issues identical to those raised by the Plaintiff in the case of *Dobbs v. Astrue*, No. CIV-06-037-SPS (E.D. Okla. June 22, 2007). In *Dobbs*, the Court relied on the clear language of the EAJA that costs and attorneys' fees must be awarded to the *prevailing party*, *see* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award *to a prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred *by that party* in any civil action (other than cases sounding in tort)[.]") [emphasis added], and determined that it was inappropriate for the Court to order them paid directly to the plaintiff's attorney. This was consistent with other rulings by the Court that the plaintiff as the prevailing party is the proper party to award costs and attorneys' fees under the EAJA. *See Manning v. Barnhart*, No. CIV-04-021-SPS (E.D. Okla. July 1, 2005), *appeal docketed*, No. 06-7127 (10th Cir. Dec. 29, 2006); *McCormick v. Astrue*, No. CIV-04-221-SPS (E.D. Okla. April 24, 2007); *Winslow v. Astrue*, No CIV-05-443-SPS (E.D. Okla. July 6, 2007). *See also Ellis v. Barnhart*, No. CIV-05-223-JHP-KEW (E.D. Okla. Mar. 6, 2007); *Roberts v. Astrue*, No. CIV-06-050-KEW (E.D. Okla. April 26, 2007); *Creacy v. Astrue*, No. CIV-05-169-FHS (E.D. Okla. June 4, 2007). *But see McKee v. Astrue*, No. CIV-05-359-RAW (E.D. Okla. June 13, 2007); *Sanders v. Barnhart*, No. CIV-05-005-RAW (E.D. Okla. June 13, 2007). The Court finds no need to reiterate its reasoning in *Dobbs* but *does* conclude that the same result is appropriate here.

Accordingly, the Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 20] is hereby

GRANTED to the extent it seeks an award of costs and attorneys' fees to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded costs in the amount of $350.00 and attorneys' fees in the amount of $3,596.40.  The Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs  [Docket No. 20] is hereby DENIED to the extent it seeks an order of the Court directing payment of said costs and attorneys' fees directly to the Plaintiff's attorney.

**IT IS SO ORDERED** this 11th day of July, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**